IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD DOOLIN, #317962, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-01123-JPG |
| ) | |
| ST. CLAIR COUNTY JAIL, ) | |
| C/O MILLER, ) | |
| C/O JOHNSON, ) | |
| C/O EVERETT, ) | |
| C/O SMITH, ) | |
| C/O REED, ) | |
| C/O MOSLEY, ) | |
| and C/O PURNELL, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This matter is before the Court for preliminary review of the First Amended Complaint (Doc. 6) filed by Plaintiff Howard Doolin, a detainee at St. Clair County Jail ("Jail"). He filed the First Amended Complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. (*Id*.). There, Plaintiff brings claims against Jail staff for failing to protect him from an inmate attack and subjecting him to other unconstitutional conditions of confinement at the Jail in 2020. (*Id*. 2, 7). He seeks money damages. (*Id*. at 8).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). The factual allegations of

1

the *pro se* complaint are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

The First Amended Complaint does not survive preliminary review under the Federal Tort Claims Act ("FTCA"). The FTCA authorizes "civil actions on claims against the United States, for money damages . . . for . . . personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). In other words, the FTCA provides jurisdiction for suits against the United States for torts committed by federal officials. Plaintiff did not name the United States as a defendant, and he does not complain of any tortious conduct by federal officials. He was wrong to bring this action pursuant to the FTCA.

Plaintiff specifically complains of constitutional violations (*i.e.*, likely Fourteenth Amendment due process violations) caused by state officials. This includes his excessive force claim and his conditions-of-confinement claim against officers at the Jail. He seeks money damages. Plaintiff should have filed this lawsuit under 42 U.S.C. § 1983.

The First Amended Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed for failure to state a claim under the FTCA. Plaintiff will have the opportunity to re-plead his claim(s) under 42 U.S.C. § 1983 by filing a First Amended Complaint. There, he should name each officer involved in violating his rights as a defendant in the case caption. In his statement of claim, he should briefly state what each individual did, or failed to do, in violation of his constitutional rights. Plaintiff stands warned that failure to comply with the instructions and deadline set forth in the below disposition will result in dismissal of this action with prejudice.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 6) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS ORDERED** that all claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80, against Defendants are **DISMISSED** with prejudice.

Plaintiff is **GRANTED** leave to file a Second Amended Complaint on or before **April 4, 2021**. Should Plaintiff fail to file a Second Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as a "strike" under 28 U.S.C. § 1915(g).

When preparing his Second Amended Complaint, Plaintiff is strongly encouraged to use the civil rights complaint form designed for use in this District. He should label the form, "Second Amended Complaint," and list the case number for this action (No. 20-cv-01123-JPG) on the first page. To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Plaintiff is reminded that an amended complaint generally supersedes and replaces prior complaints, rendering them void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). The Second Amended Complaint must stand on its own without reference to any previous pleading. Plaintiff must re-file any exhibits he wishes the Court to consider. The First Amended Complaint is also subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a Second Amended Complaint. 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED**.

**DATED: 3/8/2021**                                                s/J. Phil Gilbert
                                                                                    **J. PHIL GILBERT**
                                                                                    **United States District Judge**