IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOWARD DOOLIN, #317962, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-01123-JPG |
| | ) |
| ST. CLAIR COUNTY JAIL, | ) |
| C/O MILLER, | ) |
| C/O JOHNSON, | ) |
| C/O EVERETT, | ) |
| C/O SMITH, | ) |
| C/O REED, | ) |
| C/O MOSLEY, | ) |
| and C/O PURNELL, | ) |
| | ) |
| Defendants. | ) |

### ORDER DISMISSING CASE

**GILBERT, District Judge:**

This case was opened on October 23, 2020, when Howard Doolin filed a letter expressing his intent to bring a civil rights action pursuant to 42 U.S.C. § 1983 against officials at St. Clair County Jail. (Doc. 1). The letter did not name any defendants, describe what each defendant did to violate the plaintiff's rights, or include a request for relief. (*Id*.). Therefore, on October 26, 2020, this Court entered an order instructing Plaintiff to file a properly completed Complaint, if he wished to pursue his claims against the officials. (Doc. 4).

Plaintiff filed a timely First Amended Complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680. (Doc. 6). There, Plaintiff brought claims against Jail staff for failing to protect him from an inmate attack and subjecting him to other unconstitutional conditions of confinement at the Jail in 2020. (*Id*. 2, 7). He requested money damages. (*Id*. at 8).

1

The First Amended Complaint did not survive screening pursuant to 28 U.S.C. § 1915A. (Doc. 12).  The Court explained that the FTCA does not authorize suit against state or local officials, and Plaintiff offered no other basis for bringing suit against the defendants.  (*Id*.).  The Court dismissed the First Amended Complaint on March 8, 2021.  (*Id*.).  However, he was given an opportunity to file a Second Amended Complaint on or before April 4, 2021.  (*Id*. at 3).  The Court warned Plaintiff that failure to do so would result in dismissal of the action with prejudice and a "strike."  (*Id*.) (citing FED. R. CIV. P. 41(b); 28 U.S.C. § 1915(g)).

Plaintiff did not file a Second Amended Complaint.  At least a week has passed since the deadline expired and he also did not seek an extension of time for doing so.  The Court will not allow this matter to linger indefinitely.  This action shall be dismissed with prejudice for failure to comply with the Court's Order (Doc. 12) to file a Second Amended Complaint and/or to prosecute his claims.  FED. R. CIV. P. 41(b).  This dismissal counts as a "strike" under Section 1915(g).

## Disposition

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice based on Plaintiff's failure to comply with the Court's Order (Doc. 12) to file a Second Amended Complaint and/or prosecute his claims.  *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994).  Because the underlying First Amended Complaint was dismissed for failure to state a claim upon which relief may be granted, this dismissal counts as one of Plaintiff's three allotted "strikes" under 28 U.S.C. § 1915(g).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. 4(a)(1)(A).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir.

2008). He must list each of the issues he intends to appeal in the notice of appeal. A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 4/12/2021**                                    s/J. Phil Gilbert
                                                        **J. PHIL GILBERT**
                                                        **United States District Judge**